40 C.C.P.A.(Patents)

## Application of WEBER.

### Patent Appeal No. 5909.

United States Court of Customs and Patent Appeals.

Dec. 17, 1952.

James Atkins, Washington, D. C., for appellant.

E. L. Reynolds, Washington, D. C., for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY and COLE, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner rejecting all of the claims, four in number, in appellant's application for a patent for an alleged invention relating to a "Method of Making Glass Vessels," as unpatentable over the cited prior art. Claim 4 was further rejected as aggregative.

The claims read as follows:

"1. The method of providing a glass vessel with a glass handle which with the vessel wall provides a substantially closed hand receiving opening, which method comprises supporting the hot body portion of the vessel, fusing one end of a hot molten glass handle to the external surface of the body portion, and maintaining the other end of the handle free of connection with the vessel.

"2. The method of providing a glass vessel with a glass handle which with the vessel wall provides a substantially closed hand receiving opening, which method comprises supporting the hot body portion of the vessel, fusing one end of an elongated portion of hot molten glass to the external surface of the body portion, cooling the elongated portion of molten glass, and shaping said portion to form a handle with an end thereof adjacent to but unattached to the surface of the vessel.

"3. The method of providing a glass vessel with a glass handle which comprises heating the body portion of a glass vessel, supporting the hot body portion of the vessel in horizontal position supporting an elongated body of hot molten glass above one side of the vessel with an end thereof adjacent the external surface of the vessel, fusing said end to the external surface of the vessel, turning the vessel on its axis through an angle of 180° with the elongated body of glass depending therefrom, partially cooling the elongated body of hot glass, and then bending same to bring the other end thereof into adjacency to the external surface of the vessel without fusing said other end to the vessel.

"4. The method of forming a glass vessel having a handle including the following steps; heating the body portion of the vessel, fusing one end of an elongated body of molten glass to the vessel, partially cooling the elongated glass body, bending said elongated glass body upwardly in the provision of a handle with its upper end unattached to the vessel, and then re-heating the upper end of the vessel and forming an ice lip, the vessel wall being free of connection with the handle above the lower attached end thereof whereby providing for unrestricted molecular action during such re-heat-

ing as to avoid cracking the vessel wall."

The references relied upon are:

"Glass: The Miracle Maker, by Chas. John Phillips, published by Pitman Publishing Corporation, pages 160 and 164.

"Textbook of Glass Technology," by Hodkin and Cousen, published by D. Van Nostrand Co., page 502.

It will be observed from the quoted claims that appellant's method involves steps in the production of a glass vessel having a glass handle secured at only one end, that being near the base thereof, with the upper part of the handle curving inwardly but separated from the vessel by the approximate thickness of a single sheet of paper, thus producing a substantially closed hand-receiving handle. Beginning at the attached end, the glass handle decreases in diameter as it progresses upwardly to the unattached point.

Appellant states that the purpose of his alleged invention is to overcome structural objections that are encountered when both ends of glass handles are connected to a glass vessel. He states that

"* * * in glass vessels provided with glass handles having both ends thereof rigidly secured to the vessels, the handles are prone to ready breakage when subjected to shock or rough handling. Furthermore, cracking of the handles is apt to occur by internal strain within the handles brought about by rapid temperature changes of the glass vessels, as for example, when very hot or cold liquids are poured into the vessels.

"It is accordingly an object of the present invention to provide a method of making glass vessels having glass handles whereby the objections above noted are substantially overcome.

"A further object of the invention is a method of making a glass vessel, a glass handle, and securing the glass handle to the vessel at one end only of the handle whereby internal strains in the handle are substantially obviated.

"While the present method primarily consists in making the glass vessel and glass handle, in its broader scope, it relates to making the glass handle only, and securing one end only, thereof to a glass vessel."

While both the examiner and the board held that the above-cited references were sufficient to preclude the allowance of a claim, counsel for appellant here argues, as he did below, that neither of the references anticipates appellant's claims.

Figure 8.10 of the Phillips reference discloses a glass urn supported in a horizontal position, a handle portion consisting of an elongated body of hot molten glass, two-pronged at one end, in contact with the body of the vessel, and the fusing of the pronged end to the vessel. Figure 8.11 shows the handles bent in proximity to the surface of the vessel with the top end free.

It seems to us, as was pointed out by the Board of Appeals, that appellant's method step of "supporting the hot body portion of the vessel" is clearly shown in Figure 8.10 of the Phillips reference; the "fusing one end of a hot molten glass handle to the external surface of the body portion"; and "maintaining the other end of the handle free of connection with the vessel" are likewise disclosed in Figures 8.10 and 8.11 of that reference. We are in further agreement with the board that the proximity of appellant's handle to the body of the vessel as it differs from the outwardly extending handles of the Phillips reference is merely a matter of design and "devoid of any patentable merit."

The second reference, Hodkin et al. discloses operative steps in the making of a glass jar, the lip of which is formed in the initial stages after which step a handle is attached to the jar at both ends to form a closed hand opening.

It will be noted that claim 4 provides for a handle as well as an ice lip. It is clear to us that the board was correct in holding that the formation of such a lip on glass vessels is conventional procedure and obviously could have been done in the instant case.

We are further of the opinion that "turning the vessel on its axis through an angle of 180°," as recited in claim 3, is well within the skill of the art, if such turning be desirable.

We have carefully considered all the arguments and contentions of appellant with reference to the difference of his method over the prior art cited, but we are of the opinion that the claims of appellant disclose nothing inventive over such art. It is not necessary, therefore, to discuss the second ground of rejection—aggregation—as applied to claim 4.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.